UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/4/2018
```

FEDERAL DEPOSIT INSURANCE
CORPORATION as receiver for FIRST NBC
BANK,

      Plaintiff,

v.

MUREX, LLC,

      Defendant.

Case No. 1:16-cv-07703-PAE

### Electronic Discovery Protocol Order

Plaintiff The Federal Deposit Insurance Corporation as receiver for First NBC Bank ("**FDIC-R**") and Defendant Murex, LLC agree to the following protocol ("**Protocol**") governing the discovery of electronically stored information ("**ESI**"):

### Definitions

1. The following definitions apply to this Order:

    A.     "**Action**" means the captioned action.

    B.     "**Load File(s)**" means the file necessary to load data into a reviewable database. A Load File can, for example, specify what individual pages belong together as a document, what attachments are included with a document, where a document begins and ends, and what metadata is associated with a document.

    C.     "**Metadata**" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created,

modified, transmitted, deleted, or otherwise manipulated by a user of such system; and (iii) information created by the processing of a file into the format used by a reviewable database (*e.g.*, BegBates, BegAttach). Metadata is a subset of ESI.

D. **"Native File(s)"** means ESI in the electronic format of the application in which such ESI is normally created, viewed, and/or modified. Native Files are a subset of ESI.

E. **"Non-Party"** means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

F. **"Party"** means any party to this Action, including all of its officers, directors, and employees.

G. **"Producing Party"** means a Party that produces or otherwise provides documents or information in this Action.

H. **"Receiving Party"** means a Party that receives documents or information from a Producing Party.

I. **"Shared Sources"** means all ESI not attributable to a specific custodian or that are shared by more than one custodian (such as shared drives, department shares, Sharepoints, etc.).

J. **"Static Image(s)"** means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard computer systems. In the absence of agreement of the Parties or order of the Court, a Static Image should be provided in Tagged Image File Format (TIFF, or .TIF files), or in the alternative via Portable Document Format (PDF).

2

K.     **"Structured Data"** means data that has been organized into a formatted repository, typically a database, so that its elements can be made addressable for more effective processing and analysis. In a database, for example, each field is discrete and its information can be retrieved either separately or along with data from other fields, in a variety of combinations.

### Preservation of ESI

2.     Each Party is responsible for taking reasonable and proportional steps to preserve potentially relevant ESI in its custody or control.

3.     To the extent reasonably possible, the Parties will collect and preserve ESI in a manner that preserves Metadata. As provided for herein, each party should reasonably endeavor to remove duplicates from all ESI productions in a consistent and defensible manner that does not break up document families (such as emails and attachments). However, the Parties should preserve any duplicate ESI that is not produced according to applicable retention and destruction policies.

4.     The Parties will discuss in good faith any preservation issues that arise during the course of discovery.

### Scope of Search, Review, and Production

5.     After a Party serves discovery requests under Federal Rule of Civil Procedure 34, the Parties will negotiate in good faith and endeavor to agree within 45 days of service of the requests on (a) the custodians whose hard copy and electronic records will be searched for responsive materials; (b) the search terms that will be used for searches of ESI records maintained by those custodians or in Shared Sources likely to contain responsive materials; and (c) the timeframe parameter (*i.e.*, 1/1/2008 to the present day) that will be used for these searches. If the Parties are unable to reach mutual agreement about the custodians, search terms,

or timeframe parameters to use to locate potentially responsive data, then the Parties may submit any disagreements to the Court for informal resolution. Nothing in this paragraph precludes or limits any Party from using or relying on information in the possession of custodians not agreed on by the Parties (or ordered by the Court).

6. When searching for, reviewing, and/or producing responsive ESI, each Party may apply the following reasonable cost-saving measures: clustering or concept searching, de-duplication and near de-duplication (subject to the specifications in Attachment A), e-mail thread suppression, file type culling, and/or technology-assisted review or computer-assisted review.

7. Each Party further agrees that it will produce any and all ESI that it intends to rely on in support of any claim or defense in this Action.

8. Nothing herein will relieve the Parties of the duty to conduct a reasonable search for hard-copy documents in response to a requesting Party's discovery requests.

**Production of ESI**

9. The provisions set forth in the attached data delivery specifications will govern the production of ESI for all the Parties, unless separately negotiated through the meet and confer process.

**Third-Party Productions**

10. ESI received by a Party from a third party in response to a subpoena will be produced to the other Party within 14 days. When re-production of the documents within 14 days is not possible, the Party that received the documents will provide prompt notice to the other Party. All issues related to inability to reproduce within 14 days and cost-sharing for the third party production will be resolved on a case-by-case basis.

**Privilege**

11.     Pursuant to Rule 502(d) of the Federal Rules of Evidence, no applicable attorney-client privilege, attorney work product, or any other applicable privilege or ground for withholding production is waived by production of documents or disclosure of information pursuant to the Protocol, in which event the disclosure is also not a waiver in any federal or state proceeding and the Parties shall not have to meet the requirements of the Federal Rules of Evidence 502(b)(1)-(3) or (c)(1-2).  Upon demand, the receiving Party shall return any paper copies to the producing Party and delete all electronic copies of the ESI inadvertently produced pursuant to this agreement.  Similarly, each party has a duty to notify a producing Party if they reasonably believe that the ESI such Party produced contains information that may be protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or ground for withholding production.  To the extent that the Parties disagree over the application of these principles to any such production or challenge to the privileged nature of such material, the receiving Party shall not make use of the material in question until the matter is resolved by the Court.

**Privilege Logs**

12.     The Parties agree to exchange privilege logs that identify any document withheld or redacted on grounds of privilege or protection.  For each document redacted or withheld, the privilege log will identify (a) the corresponding Bates Number of the first page of the document; (b) the document type; (c) the person(s) who authored or sent the document; (d) the person(s) who received the document; (e) the person(s) who were cc'd on the document; (f) the date of the document; (g) the status of the document (whether redacted or withheld); (h) the applicable privilege(s) or protection(s); and (i) a brief description of why the privilege(s) or protection(s) justify the redaction or withholding.  Unless otherwise agreed by Parties, the Party asserting a

privilege will provide a privilege log on or within thirty (30) days after the document would have been produced had it not been privileged or otherwise protected from disclosure. The responding Party may supplement or amend their privilege log if additional documents are later discovered.

13. The Parties agree that the FDIC is not required to log any materials withheld from production due to compliance with the non-dissemination provisions of the Bank Secrecy Act.

## Amendments

14. The Parties agree that they may agree in writing (including by email) to modify, delete, or add to any of the provisions of this Protocol at any time, without any order of the Court.

So Ordered.
Dated: 9/4, 2018

Paul A. Engelmayer
U.S. District Judge

WE SO MOVE
and agree to abide by the terms of this Order

Signature

Kathleen M Balderston
Printed Name

Counsel for: Federal Deposit Insurance Corporation as receiver for FIRST NBC BANK

Dated: August 31, 2018

WE SO MOVE
and agree to abide by the terms of this Order

Signature

Robert LeMay
Printed Name

Counsel for: MUREX, LLC

Dated: August 31, 2018

6

4813-5742-7563.4