USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/7/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE FEDERAL DEPOSIT INSURANCE
CORPORATION, *as receiver for* FIRST NBC BANK,

                             Plaintiff,

            -v-

MUREX LLC,

                             Defendant.

16 Civ. 7703 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Federal Deposit Insurance Corporation ("FDIC"), in its capacity as Receiver for plaintiff First NBC Bank, has filed a motion for leave to file an amended complaint. *See* Dkt. 120. The FDIC seeks to include a cause of action for breach of New York's deceptive trade practices act, General Business Law § 349 ("GBL § 349" or "§ 349"). Defendant Murex LLC opposes the FDIC's motion on the grounds that: (1) the proposed complaint is futile because the FDIC fails to plausibly plead a claim under § 349; and (2) the Court should exercise its discretion to deny the motion for leave to amend because the FDIC unduly delayed in filing its motion. For the reasons that follow, the Court agrees that the FDIC has not plausibly pled a claim under § 349. Therefore, its motion for leave to file an amended complaint is denied.

I.    **Background**

For a full recitation of the facts, the Court directs the parties to its June 5, 2018 decision granting in part and denying in part Murex's motion to dismiss the FDIC's Second Amended Complaint. *See* Dkt. 112 at 2–5, *reported at Fed. Deposit Ins. Corp. for First NBC Bank v. Murex LLC*, Case No. 16 Civ. 7703 (PAE), 2018 WL 2694431, at *2–3 (S.D.N.Y. June 5, 2018). In brief, the FDIC alleges that in a series of transactions between 2013 and 2015, the now-

1

defunct First NBC Bank purchased bogus receivables from Murex through a platform known as The Receivables Exchange ("TRE"). *Id.* at 2. Sales over TRE were conducted pursuant to a Corporate Seller Program Agreement (the "CSP Agreement") between the parties. *Id.* at 3.

On October 26, 2017, the FDIC filed its Second Amended Complaint, alleging in Count VII that Murex violated the Louisiana Unfair Trade Practices Act ("LUTPA"). Dkt. 103 at 38–39. On June 5, 2018, the Court issued a decision dismissing the FDIC's LUTPA claim. *See* Dkt. 112 at 8–10. On August 29, 2018, the FDIC filed this present motion to amend its complaint—for the third time—to plead an analogous claim under New York's GBL § 349. *See* Dkt. 121-1 ("Proposed Third Amended Complaint") at 40. On September 12, 2018, Murex filed its memorandum of law in opposition to the FDIC's motion. Dkt. 128. On September 19, 2018, the FDIC filed its reply memorandum in support of its motion. Dkt. 130. On September 21, 2018, Murex filed a motion for leave to file a sur-reply. Dkt. 132.

**II.    Legal Standard**

A court "should freely give leave" for a party to amend its complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court should deny a motion to amend if there is "evidence of undue delay . . . or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed pleading is futile if it could not withstand a dispositive motion—that is, if it fails to state a claim upon which relief could be granted. *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87–88 (2d Cir. 2002).

**III.    Discussion**

To bring a valid claim under § 349, a plaintiff must plead, *inter alia*, that (1) the defendant's actions constituted consumer-oriented conduct, *see Oswego Laborer's Local 214*

2

*Pension Fund v. Marine Midland Bank*, 623 N.Y.S.2d 529, 533 (1995); and (2) that the "[d]eceptive acts or practices" occurred in New York, *see* GBL § 349; *see also Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorder Ass'n*, No. 10 Civ. 3314, 2018 WL 2084168, at *8 (S.D.N.Y. 2018) (dismissing plaintiff's § 349 claim in part because "the deception did not occur in the state of New York"). The FDIC's proposed Third Amended Complaint is futile because it fails to state, as it must, that Murex's conduct was consumer-oriented and that Murex's allegedly deceptive practices occurred in New York.

### 1. Consumer-Oriented Conduct

To state a viable claim under GBL § 349, a complaint must allege "conduct that is consumer oriented." *Axiom Investment Advisors, LLC v. Deutsche Bank AG*, 234 F. Supp. 3d 526, 537 (S.D.N.Y. 2017). Consumers are defined as those who "purchase goods and services for personal, family, or household use." *Id.* Transactions between commercial entities or sophisticated parties not affecting consumers fall outside the scope of GBL § 349. *Id.*

The FDIC has not alleged any consumer-oriented conduct in its proposed Third Amended Complaint. To the contrary, the thrust of its § 349 claim is that Murex deceived a sophisticated commercial entity, First NBC Bank, and induced it "to purchase the receivables by misrepresenting that the transactions were bona fide." Proposed Third Amended Complaint at 40. Nowhere does the proposed complaint allege that First NBC Bank is a "consumer" within the meaning of § 349, nor does it allege that Murex's conduct created a harm that had "an impact on consumers." *N. State Autobahn, Inc. v. Progressive Ins. Gr. Co.*, 102 A.D.3d 5, 14 (N.Y. App. Div. 2012).

In an effort to cure this defect, the FDIC asserts for the first time in its reply memorandum that Murex's conduct affected consumers because First NBC Bank was a

consumer bank that had "invested millions of dollars of depositors' money in those receivables." *See* FDIC Reply Br. at 6–7. This argument is unavailing. It is well established that in evaluating whether a complaint states a viable claim, a court "must limit itself to the facts alleged in the complaint . . ., to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint 'relies heavily' and which are, thus, rendered 'integral' to the complaint." *Metro-Gem Leasing & Funding Corp. v. Dancy*, 16 Civ. 5245 (SJF)(AYS), 2017 WL 3491966, at *8 (E.D.N.Y. June 19, 2017) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). Factual assertions made in the parties' "memoranda and supporting affidavits . . . cannot be used to cure a defective complaint." *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 380 (S.D.N.Y. 2012)). Accordingly, the FDIC cannot remedy its failure to plead consumer-oriented conduct in its proposed amended complaint by making supporting factual assertions for the first time in its reply brief.

### 2. Conduct Occurring in New York

The FDIC's § 349 claim further fails because the proposed complaint does not assert that Murex's conduct occurred in New York. Indeed, the words "New York" only occur once in the body of the proposed complaint—in the title of the FDIC's § 349 count. *See* Proposed Third Amended Complaint at 38. Here, too, the FDIC attempts to cure this deficiency by alleging, for the first time in its reply brief, that that "Murex is well aware that TRE operated out of New York at all times relevant to this action" and that "[TRE] was registered with the New York Department of State Division of Corporations as a foreign entity doing business in New York."

Reply Br. at 7. But once again, none of this information is supplied in the proposed complaint. The Court therefore must conclude that the FDIC's § 349 claim is futilely pled.[1]

## CONCLUSION

For the foregoing reasons, and because this is the plaintiff's third attempt to amend its complaint, FDIC's motion for leave to amend is denied with prejudice. The Court also declines the FDIC's invitation to reconsider its earlier decision dismissing the FDIC's LUTPA claim. Additionally, the Court denies as moot Murex's request to file a sur-reply to the FDIC's reply brief in support of its motion. The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 120 and 132.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: November 7, 2018
    New York, New York

---

[1] Because the Court holds that the FDIC has failed to state a viable claim under § 349, it need not consider Murex's alternative argument that the FDIC engaged in undue delay in bringing its claim. The Court notes, however, that the parties' revised civil case management plan, filed August 1, 2018, provided that "[a]ny motion to amend . . . shall be filed within 30 days from the date of this Order." Dkt. 119, § 3. The FDIC filed the motion to amend its complaint on August 29, 2018, within that 30 day window. It can hardly be argued that Murex experienced undue prejudice when the FDIC filed its motion prior to the deadline set by the case management plan.

5